# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

**ERIE INSURANCE PROPERTY**
**and CASUALTY COMPANY,**

    **Plaintiff,**

**v.**                                                   **CIVIL ACTION NO. 5:01-00513**

**HARRY E. WALKUP, JR.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's pro se Rule 60 Motion. (ECF No. 49). Plaintiff has not responded to this motion. After reviewing defendant's filings, the court concluded that it was possible defendant was entitled to relief under Federal Rule of Civil Procedure 60(b)(5) and, by Order entered on January 30, 2018, set a hearing on defendant's motion for February 20, 2018, at 11:00 a.m., in Bluefield. Counsel for plaintiff contacted the undersigned's law clerk and informed the court that it did not plan to contest defendant's motion.

## I. Background

In this action plaintiff Erie Insurance and Property and Casualty Company ("Erie") sought to collect from defendant Harry E. Walkup, Jr. ("Walkup") $535,817.77 for burning the building of an Erie policyholder. Erie alleged that (1) Walkup burned the law office of Barry L. Bruce on June 17, 2000, (2) Erie paid Bruce $535,817.77 pursuant to its insurance policy with

him and (3) Walkup was convicted of second degree arson for burning the Bruce law office. On January 25, 2001, Judge Frank E. Jolliffe of the Circuit Court of Greenbrier County, West Virginia, entered an Order finding Walkup guilty of, among other charges, second degree arson, for burning the Bruce law office. Walkup submitted a petition of appeal on the conviction to the West Virginia Supreme Court of Appeals, and that court rejected the appeal on October 1, 2001.

In support of its motion for summary judgment, Erie relied upon the doctrine of collateral estoppel to preclude Walkup from contesting the critical facts of this case. The court found that Walkup was estopped from relitigating his criminal conviction in this court because, under West Virginia law, a defendant found guilty of a criminal offense is precluded from asserting that he did not commit the criminal offense in civil litigation concerning the same transaction. See ECF No. 15 at 3-4 (citing State ex rel. Leach v. Schlaegel, 447 S.E.2d 1, 4 (W. Va. 1994); Baber v. Fortner ex rel. Poe, 412 S.E.2d 814 (W. Va. 1991)). As such, the court found Walkup liable to Erie as a matter of law and, by Judgment Order dated February 12, 2002, granted Erie's motion for summary judgment. See ECF No. 16. Judgment was entered against Walkup in the amount of $535,817.77, together with interest and costs. See id.

On June 16, 2016, the Circuit Court of Greenbrier County granted Walkup's Petition for Writ of Coram Nobis and reversed and vacated his underlying criminal conviction based on the grounds of ineffective assistance of counsel. On or about April 20, 2017, Walkup filed a Complaint in this court seeking to vacate the summary judgment ruling. That case was assigned Civil Action No. 5:17cv02419 and assigned to Judge Berger. After reviewing Walkup's filing, by Order entered April 25, 2017, Judge Berger directed that Walkup's "complaint" be filed in this case and dismissed Civil Action No. 5:17cv02419.

## II. Analysis

> To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). The party must also satisfy one of six enumerated grounds for relief under Rule 60(b). Id. at 266.

United States v. Welsh, No. 17-6355, 2018 WL 386658, *2 (4th Cir. Jan. 12, 2018). Federal Rule of Civil Procedure 60(b)(5)(ii) authorizes relief from a final order if the order "is based on an earlier judgment that has been reversed or vacated[.]" Relief from judgment under Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Welsh, 2018 WL 386658 at *5 (quoting Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979)). Denial of a Rule 60(b)(5) motion is

reviewed for abuse of discretion.  See id. at *2 (citing MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008)).

It seems clear that Walkup is eligible for relief under Rule 60(b)(5)(ii) as the court's grant of summary judgment in 2002 was based on Walkup's conviction that has since been reversed and vacated.  Furthermore, the court cannot conclude that Walkup's motion is untimely or that Erie will suffer undue prejudice if the judgment is set aside.  Erie will still be free to move for summary judgment in this court based upon the evidence offered at trial and Erie has not identified any undue prejudice it will suffer as a result of this ruling.  Based upon the foregoing, the court exercises its discretion and **GRANTS** Walkup's motion under Rule 60(b)(5).

### III. Conclusion

Based on the foregoing, the court hereby **ORDERS** as follows:

1) Defendant's Motion under Rule 60(b)(5) is **GRANTED** and the Judgment Order of February 12, 2002, is hereby **VACATED**;

2) If Erie wishes to proceed with this case, it has until **March 14, 2018**, in which to file a motion to reinstate

this matter to the court's active docket.  Otherwise, the matter will remain closed;[*] and

3) The hearing scheduled for February 20, 2018, in Bluefield is **CANCELLED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

It is **SO ORDERED** this 13th day of February, 2018.

ENTER:

David A. Faber
Senior United States District Judge

---

[*] Counsel for Erie informed the undersigned's law clerk that it would not be pursuing this matter further.